Argued March 15, affirmed April 5, rehearing denied May 17, 1927.

# FRANK O. CARLSON *v.* PORTLAND RAILWAY, LIGHT & POWER CO.

## (254 Pac. 809.)

**Trial—Conflicting Testimony is for Jury.**

1. Where there was a direct conflict between testimony of plaintiff and defendant, question for jury was raised.

**Appeal and Error—Supreme Court cannot Weigh Evidence and Decide Questions of Fact When Competent Evidence Supports Verdict.**

2. Supreme Court cannot weigh evidence and decide questions of fact when there is competent evidence to support verdict.

**Carriers—Evidence of Conductor's Negligence in Moving Car While Passenger was Alighting Held for Jury.**

3. In action for damages for personal injuries, evidence that injury to passenger while getting off street-car was caused by conductor's negligently causing street-car to move as plaintiff was rightfully alighting therefrom, *held* sufficient to go to jury.

**Carriers—Instruction Requiring Verdict for Street Railway, if Conductor Did not Cause Street-car to "Start" and Move as Plaintiff Alighted, Held Properly Refused, Where Complaint Alleged Defendant Caused Car to Move.**

4. Where complaint alleged that defendant's conductor negligently caused street-car to move as plaintiff was alighting, causing plaintiff to be thrown to pavement, instruction, requiring verdict for 'defendant, if conductor did not cause street-car to "start" and move as plaintiff was alighting, and plaintiff attempted to alight before street-car stopped, *held* properly refused as not in conformity to issues made by complaint and answer.

**Trial—Refusing Requested Instruction Held not Error, Where Given in Modified Form in Accordance With Issues.**

5. In suit for damages for personal injury to passenger while getting off street-car, refusing instruction that, if plaintiff attempted to alight from moving street-car, there was no duty upon defendant's conductor to forcibly restrain him, *held* not error, where instruction was given in modified form strictly in accordance with issues made by defendant's answer and reply thereto.

**Trial—Instructions on Weight of Evidence Held not Error, in View of Whole Charge.**

6. In suit for damages for personal injuries to street-car passenger, instructions that, if testimony preponderated on affirmative allegations of defendant, jury would be entitled to find for defendant, and that, if plaintiff made a "good case," plaintiff would be

entitled to prevail, *held* not error, where from reading of whole charge it was apparent that jury understood their duty to weigh testimony and find verdict in conformity therewith.

Appeal and Error, 3 **C. J.**, p. 922, n. 40, p. 923, n. 41; 4 **C. J.**, p. 858, n. 3, p. 859, n. 7.
Carriers, 10 **C. J.**, p. 1081, n. ·67.
Evidence, 23 **C. J.**, p. 20, n. 45.
Street Railroads, 36 **Cyc.**, p. 1609, n. 51, p. 1610, n. 60, p. 1633, n. 81.
Trial, 38 **Cyc.**, p. 1537, n. 45, p. 1720, n. 39, p. 1721, n. 47, p. 1778, n. 73.

From Multnomah: T. E. DUFFY, Judge.

Department 2.

This is an action to recover damages for personal injury, caused by the negligence of the defendant in the operation of its street-car. The cause was tried by the court and a jury and a verdict rendered in favor of plaintiff. Defendant appeals from a judgment entered thereon.

Plaintiff in addition to the formal allegations of the complaint, avers in substance, that on the twenty-fourth day of September, 1922, plaintiff boarded the defendant's street-car, at Park Rose and was a passenger from that point to East 40th Street, on Sandy Boulevard, in the City of Portland, Oregon; that when the plaintiff arrived near East 40th Street it was dark and plaintiff was unable to see the exact whereabouts of the street-car, and inquired of the conductor of the car if it was near or approaching East 40th Street. That thereafter the street-car came to a stop and passengers got on board; that thereupon the conductor informed plaintiff that said street-car was stopped at East 40th Street, and directed plaintiff to alight and get off the street-car. That plaintiff carefully looked out to see if the street-car was moving, and believing the same was stopped, as told him by the conductor, and relying upon the conductor's direction for him to alight, he there-

upon stepped off of the street-car on to the street. But defendant's conductor negligently and carelessly,

"and without any care or attention as to whether plaintiff would be injured thereby or not, caused said street-car to move as plaintiff was alighting, causing plaintiff to be thrown to the pavement from said street-car; that plaintiff is a man along in years, and was exercising due care and caution in alighting from said street-car, and would not have alighted from said street-car at said time, except that plaintiff relied upon the direction of defendant's said conductor for him to alight."

That by reason of said street-car moving, while plaintiff was alighting therefrom, plaintiff was thrown violently to the pavement and one of his legs, just above the ankle, was broken and he was permanently injured.

The defendant by its answer admits its corporate character and the ownership of the electrical street-car railway on Sandy Boulevard, and denies the other allegations of the complaint, except as stated in its further and separate answer, and further alleges that on September 24, 1922, the defendant was carefully, lawfully and prudently operating one of its street-cars in a westerly direction on Sandy Boulevard, between East 41st Street and East 39th Street, in the City of Portland; that plaintiff was a passenger on the street-car; that as the street-car left the intersection of East 41st Street, the conductor informed plaintiff that the next stop was the stop at which the plaintiff desired to alight; that upon being so informed the plaintiff approached the steps of the vestibule and was then and there warned by the conductor of the car not to alight until the street-car had stopped; that the plaintiff disregarded the warning of the conduc-

tor, and recklessly, carelessly and negligently stepped down upon the step of said street-car, while the car was in motion, and before the same had stopped; that again the conductor warned the plaintiff and took hold of his shoulder in attempting to prevent him from stepping from the moving street-car; that the plaintiff again disregarding the warning of the street-car conductor, carelessly and negligently jumped or stepped from the car, while the same was moving and before the same had come to a standstill, at the regular stopping place of the car, and by reason of such recklessness, carelessness and negligence of plaintiff he wrenched and sprained his right ankle and fractured his right leg.

AFFIRMED. REHEARING DENIED.

For appellant there was a brief over the name of *Messrs. Griffith, Leiter & Allen,* with an oral argument by *Mr. Cassius R. Peck.*

For respondent there was a brief and oral argument by *Mr. Wm. P. Lord* and *Mr. J. R. Greenfield.*

BEAN, J.—After all the testimony was introduced the defendant requested the court to instruct the jury to return a verdict for the defendant, and assigns error of the court in refusing to so instruct.

It should be stated that the street-car of defendant on Sandy Boulevard makes its stop for East 40th Street at East 39th Street, there being no stop at East 40th Street.

The plaintiff testified as a witness in his own behalf in regard to the circumstances attending the accident, to the effect that at the date alleged he got on the street-car at 80th Street, about a quarter to 8 o'clock, when it was cloudy and rather dark;

that he desired to get off at East 40th Street. He states:

"So when I was getting in * * I went back and asked the conductor. Of course, I went way to the back part of the car, you know, and I asked him and he says 'two more blocks.' "

Plaintiff was standing about three feet of the door and the conductor was leaning back against the back part of the car.

"So when we got there, when we got close there, he says, 'Well, here is your place.' 'All right,' I says."

That he asked for 40th Street— .

" * * and just as he stopped, two young ladies hopped up right away, right in front of me and I could not get out because the conductor stood right there by the door, leaning up against the rail. He talked with these ladies and collected their fare. The other one stood a little behind her and I could not get out. So I thought he would not talk long, and just as he had * * got their fare, they started to go around, and he followed them with his eyes and I thought he started the car; that is the reason I asked him, 'Didn't you say that this was the place?' 'Yes,' he says, and looked kind of surprised then and leaned back again against the car, and so I says, 'Well, then, I will get off.' 'Yes,' he says, and so, of course, I stepped out. I looked and I thought the car was standing there when I went out. I saw an auto in the dark standing right opposite, and so I walked right out and thought sure the car was stopped."

The witness then stated that the car was running when he stepped off, but he did not see it running; that the street-car came to a stop in about fifteen feet from the point where he fell; that the conductor put his head out of the door and saw the plaintiff lying on the pavement, and then started his car and

attempted to "sneak" away; that the drivers of automobiles in the vicinity called to the conductor and the street-car was stopped after it had proceeded about forty feet, and then the motorman and conductor came to the assistance of the plaintiff.

The plaintiff further testified that he would not have stepped off if he had thought the car was running. The plaintiff reiterated several times to the effect that before he alighted from the car he said to the conductor, "then I will get off, shall I? 'Yes,' he says." Plaintiff also testified regarding the details of the accident and his injury caused thereby. The testimony of the plaintiff tended to sustain the allegations of the complaint. The testimony on the part of plaintiff is contradicted as to material points by the witnesses for defendant. Mr. Dimick, the conductor, testified that only one stop was made at 39th Street; that the plaintiff, in spite of warning, stepped from the street-car when the same was slowing down to make the 39th Street stop. Mr. Lynch, the motorman, testified that only one stop was made at 39th Street. Mr. Ehrhardt, a prospective passenger, waiting to board the street-car at the 39th Street stop, testified that he saw the street-car approach and noticed the plaintiff step off of the moving street-car, about fifteen feet from him as the street-car was slowing down to stop at the usual stopping place; that the street-car made only one stop.

Mr. Banfield testified that he was a passenger standing in the rear of the street-car; that the plaintiff disregarded the warning of the conductor to "wait until the car stops," and stepped off from the moving street-car as the same was slowing down; that only one stop was made at East 39th Street; that the plaintiff was picked up ten or fifteen feet behind the street-car after the same stopped at the usual stopping place.

Mr. Budlong testified that he was driving an automobile and had been following twenty to thirty feet to the rear of the street-car, for several blocks.   As the street-car was slowing down at 39th Street, at the usual stopping place, he saw the plaintiff step off.

1. It will be seen from the testimony that there is a direct conflict between the testimony of the plaintiff, regarding the accident, and the testimony on the part of defendant.   This raises a question for the jury, and although there might be a greater number of witnesses who testified on behalf of defendant than on behalf of plaintiff, the jury was not bound to find in conformity to the testimony of the greater number: Or. L., § 868, subd. (2).

2. It is a rule that needs no citation of authorities that this court cannot weigh the evidence and decide questions of fact when there is competent evidence to support the verdict.   Taking the plaintiff's testimony as true, as the jury evidently did, the jury could reasonably conclude that the plaintiff was alighting from the car pursuant to the instructions of the conductor, and contrary to plaintiff's belief at the time the conductor negligently caused the street-car to move as the plaintiff was rightfully alighting therefrom, as instructed.

3. There was testimony sufficient to be submitted to the jury and there was no error in refusing to instruct the jury to return a verdict in favor of defendant.

4. The next assignment of error is in refusing to instruct the jury, as requested by defendant, as follows: After stating the issues, as alleged in the complaint, and in the answer, in regard to the occurrence of the accident, the instruction requested reads thus:

" * * hence it is your first duty to determine from the weight of the evidence how the accident occurred. If you find that the conductor of the defendant did not cause said street-car to *start* and move as the plaintiff was alighting therefrom, and that the plaintiff attempted to alight before the street-car came to a stop, then you will return your verdict for the defendant."

The allegation of the complaint is that the conductor of the defendant negligently "caused said street-car to move as plaintiff was alighting, causing plaintiff to be thrown to the pavement from said street-car."

The requested instruction requires that if the jury found that the conductor did not cause the street-car to "start" and move, as the plaintiff was alighting therefrom, and the plaintiff attempted to alight before the street-car came to a stop, then they would return a verdict for the defendant. The requested instruction is not in conformity to the issues made by the complaint and answer. While the plaintiff testifies that he thought the car was standing at the time he attempted to get off, the gist of the question for the jury to pass upon was whether or not the plaintiff was carefully attempting to alight as a reasonable and prudent man, pursuant to the instructions of the conductor, under the circumstances, would. It was not necessary for the jury to find that the conductor started the car after the plaintiff proceeded to alight.

It is contended on behalf of defendant, in regard to this requested instruction, that it was the theory of the defense, as established by the overwhelming weight and preponderance of testimony, that the plaintiff stepped from said moving street-car before the same came to a stop; while it was the theory

of the plaintiff, supported only by his testimony, that he stepped from the street-car as the same was starting, after making the regular stop.

It might be noticed in passing that this statement in defendant's brief presents a question for the jury. Except as to the use of the word "starting," which we do not regard as very material, we think the instruction requested was fairly and thoroughly covered by the charge of the court, a portion of which we will set down. The court plainly stated to the jury in detail the issues as made by the pleadings and charged them, among other things, as follows:

"Plaintiff further alleges that plaintiff carefully looked out to see if said street-car was moving, and believing the same was stopped, as told him by the conductor, and relying upon the conductor's direction for him to alight, plaintiff thereupon stepped off of said street-car onto the street, but defendant's conductor negligently and carelessly, and without any care or attention as to whether plaintiff would be injured or not, caused said street-car to move as plaintiff was alighting, causing plaintiff to be thrown to the pavement from said street-car; * * *"

The court also instructed thus:

"The burden of proof is upon the plaintiff to establish by a preponderance of the evidence that the defendant was guilty of negligence in one or more of the particulars alleged in his complaint, and that such negligence was the proximate cause of the injury to plaintiff."

And also charged them:

"However, should you find from a preponderance of the evidence that the plaintiff attempted to alight from the moving car and was warned not to do so, if you find he was so warned by the conductor, then there was no duty resting on the conductor of the defendant company to forcibly restrain plaintiff from so alighting. * *

"If, in considering the evidence in this case, you should find the evidence upon any question equally balances, you should resolve such question against the party who has the burden of such issue, for, in such case, there would be no preponderance in favor of the proposition. Under these pleadings the burden is upon the defendant to establish its affirmative defense by a fair preponderance of the evidence, and if it does this your verdict should be for the defendant."

The court further charged the jury in the following language:

"Now, if after considering all of the testimony, under these instructions, you find that the plaintiff has not made out his case under the testimony and under these instructions, then, of course, you will return a verdict for the defendant. On the other hand, if after considering all of the testimony in this case under the instructions that I have just given you, and am now giving you, if you find that the plaintiff has made out his case as alleged in the complaint, and that the plaintiff has not been guilty of contributory negligence, then you would be entitled to find for the plaintiff."

The court fully instructed the jury in regard to the weight or preponderance of the testimony and we think the charge of the court fully complies with the requirements suggested in the case of *Hagermann* v. *Chapman Timber Co.*, 65 Or. 588, 594 (133 Pac. 342), cited by defendant. By the charge of the court the issues were squarely and fairly submitted to the jury, and had they found that the testimony on behalf of the defendant was correct, or had they found that the testimony upon the part of plaintiff was not true, they must of necessity under the instructions of the court have found a verdict for the defendant. The theory of the plaintiff and of the defendant were presented to the jury by the charge of the court

and they were instructed on the law applicable to the defendant's theories of the case as supported by the evidence. See *Anderson* v. *Wallowa Nat. Bank,* 100 Or. 679, 700 (198 Pac. 560), cited by defendant.

5. The defendant also assigns error of the court in refusing to instruct the jury as follows:

"It is necessary that the plaintiff, before he can recover herein, shall establish his theory of the case and the alleged negligence of the defendant from a preponderance of the evidence; unless you find that the accident happened in the manner alleged by the plaintiff and was proximately caused by the negligence alleged by the plaintiff, then you will return your verdict for the defendant. * *

"If you should find from a preponderance of the evidence that the plaintiff attempted to alight from a moving street-car then you are instructed that there was no duty upon the conductor of the defendant to forcibly restrain the plaintiff from so alighting."

The court gave the last requested instruction in a modified form, including the condition of warning from the conductor, as quoted above. This instruction, as modified, was strictly in accordance with the issues made by the defendant's answer and reply thereto, and as claimed by the testimony on behalf of the defendant, and fairly submitted the question to the jury.

6. The defendant criticises the language of the court used in its charge to the jury, to the effect, that if the testimony preponderated on the affirmative allegations of the defendant, they would be "entitled" to find for the defendant; and also to the effect, that if the plaintiff had made a "good case" the plaintiff would be entitled to prevail.

We fail to see any error in this respect, and from a reading of the whole charge we think the jury un-

121 Or.—34

derstood their duty to weigh the testimony and find a verdict in conformity therewith. The language of the court, used in the charge to the jury, plainly indicated that it was their duty to find for the defendant, if they found the issues in favor of the defendant, or for the plaintiff, if they found from a preponderance of the evidence that the allegations of the complaint were sustained.

It is specially submitted on behalf of defendant that "the defendant pleaded and proved without contradiction, on the part of the plaintiff, that the conductor warned the plaintiff as he was alighting from the car to wait until the car stopped." The testimony of the plaintiff from a careful reading discloses that his testimony was in direct conflict with and in contradiction of the testimony on behalf of defendant in regard to the plaintiff being warned, although he does not contradict it in the exact language.

The testimony in regard to the occurrence of the accident at the time the plaintiff alighted from the car, on the part of the plaintiff, and on behalf of the defendant, cannot be reconciled. The question in regard thereto is foreclosed by the verdict of the jury.

The court charged the jury that if they found from a preponderance of the testimony the issues in regard to contributory negligence of plaintiff in favor of defendant, then upon that issue the defendant would be entitled to "receive a verdict at your hands."

The court's attention was not directed to those particular words, there being a general exception to the instructions containing the same given upon the return of the jury for further instructions. See *Sonniksen* v. *Hood River G. & E. Co.,* 76 Or. 25 (146 Pac. 980).

There was no motion or demurrer directed to the complaint and no motion for a nonsuit. Exceptions were taken to the refusal of the court to give the requested instructions and to the modification of one request.

Taking the charge to the jury as a whole, it fairly submitted the questions involved to them and it does not seem that the instructions could possibly have been misunderstood.

Finding no reversible error in the record, the judgment is affirmed.    Affirmed. Rehearing Denied.

Burnett, C. J., and Brown and Belt, JJ., concur.